Thomson, J.,
delivered the opinion of the court.
This action was brought by the plaintiffs in error to recover damages for the death of their son, Andrew Gustafson. The complaint charges that on the 8th day of March, 1893, Andrew was in the employ of the Denver & Rio Grande R. R. Co., as roadbed and track repairer; that the roadbed and track were used by the defendant company under contract with the Denver & Rio Grande Company; that the roadbed and track were kept in repair by the latter company by virtue of that contract; that on that day, Andrew, who was unmarried, while engaged in repairing the roadbed and track, stepped from the track a proper and suitable distance to allow the passage of an approaching train, owned, run and operated by the defendant; that while the train was passing, a lump of coal fell from the tender attached to-the engine, striking him, and inflicting injuries upon him, from the effects of which he shortly afterwards died. The answer denies the allegations of the complaint.
*522 The only witness to the accident was Peter Magnuson. He testified that he was working for the deceased, who was in the employ of the Denver & Rio Grande R. R. Co., as section boss; that himself and the deceased, in the performance of their duties, were walking northwardly, one on each side of the track, and entirely off the track, when a train of twenty or thirty cars passed, going at the rate of fifteen or eighteen miles an hour; that when the train had passed, a noise from the other side of the track attracted his attention, and he crossed the track and found the deceased tying upon the ground groaning; that witness asked him what was the matter, and he replied that a lump of coal fell from the engine and struck him in the stomach, and that he would die; that he was tying eight or nine feet from the track, and a lump of coal of about sixteen pounds weight was tying a foot from him; that his watch was knocked out of his pocket and was tying alongside of his hat; that the injury was received about 4 o’clock in the afternoon of March 8th, and on the morning of the 10th he died. It was admitted by the def end-ant that the train was being managed and operated by its employes, and that the portion of the roadbed and track where the accident occurred was used by it and the Denver & Rio Grande Company under contract between it and the latter company. The relationship between the plaintiffs and the deceased was proved. When the plaintiffs rested their case, the court, on motion of the defendant, gave judgment of nonsuit against the plaintiffs, aud the cause is in this court by writ of error.
The question is, was there sufficient evidence to sustain a verdict for the plaintiffs if the case had been submitted to the jury ? If there was, it was the .duty of the court to submit it. If there was not, the nonsuit was proper.
The cause of the injury to the deceased was probably a lump of coal hurled from the tender. At least we think the evidence was sufficient to go to the jury on that question. But upon the question of negligence of the defendant or its employés there seems to have been no evidence whatever. *523 Mere proof that the accident occurred is not enough. In a case like this negligence must be proved. At least some facts must appear from which it is a legitimate inference. For aught that appears the 'coal may have been safely and securely deposited in the tender at first, and this lump loosened from the mass by the roughness of the track over which the train had passed. To throw the lump eight or nine feet from the track there must have been some propulsive force, such as a sharp curve in the road which the engine was rounding at the time, because if it was passing over a straight, smooth track, the lump would not have been affected by any force except that of gravity and the forward motion of the train, and would simply have fallen by the side of the track. No lateral motion could have been imparted to it. On this portion of the road the discharge of coal from the tender may have been of frequent occurrence, and owing to a curved or crooked roadbed, constructed to conform to the topography of the country, or for some other reason, may not have been preventable by ordinary care or prudence. That coal was frequently thrown from the tender in this way may have been well known to the deceased, in which case it was plainly his duty, when the train passed, to step a sufficient distance to one side to be out of the reach of danger. The evidence does not disclose a single circumstance from which it could be inferred that the defendant was in fault. The bare fact appears that a lump of coal was thrown from the tender, and that it struck the deceased. All else is left to conjecture. The naked fact proven gives rise to no presumption, and a verdict against the defendant upon that alone would not be sustained. The court could not well do otherwise than grant the nonsuit asked, and the judgment must be affirmed.

Affirmed.